Huang v. Sessions

BIA
Poczter, IJ
A205 416 575

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of July, two thousand eighteen.

PRESENT:
  JOHN M. WALKER, JR.,
  REENA RAGGI,
  SUSAN L. CARNEY,
   *Circuit Judges.*
_____

ZENG EN HUANG,

   *Petitioner,*

  v.        16-4147
           NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

   *Respondent.*
_____

FOR PETITIONER:  Cora J. Chang, New York, NY.

FOR RESPONDENT:  Chad A. Readler, Acting Assistant
        Attorney General; Jessica E.

Burns, Senior Litigation Counsel; Rosanne M. Perry, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zeng En Huang, a native and citizen of the People's Republic of China, seeks review of a November 30, 2016, decision of the BIA affirming a January 11, 2016, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zeng En Huang,* No. A205 416 575 (B.I.A. Nov. 30, 2016), *aff'g* No. A205 416 575 (Immig. Ct. N.Y. City Jan. 11, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review

2

are well established.  8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  Substantial evidence supports the agency's determination that Huang was not credible as to his claim that Chinese family planning officials forced his wife to terminate a pregnancy and detained and harmed him for violating China's family planning policy.

The agency reasonably relied in part on Huang's demeanor, noting that he was unresponsive and evasive at times.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular deference is given to the trier of fact's

3

assessment of demeanor).  That finding is supported by the record.

The demeanor finding and the overall credibility determination are bolstered by record inconsistencies.  *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).  The agency reasonably found that Huang made inconsistent statements regarding whether he interacted with police after his release from detention, and where he and his wife lived in hiding from family planning officials.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  Huang did not provide compelling explanations for these inconsistencies.  *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Having questioned Huang's credibility, the agency reasonably relied further on his failure to rehabilitate his credibility with corroborating evidence.  "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has

4

already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency did not err in declining to credit unsworn letters from Huang's relatives because they were from interested parties who were not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). There is no merit to Huang's argument that the IJ was required to identify what corroborating evidence was missing and explain why it was reasonably available given that the lack of corroboration finding was made in the context of an adverse credibility determination. *See Diallo v. Gonzales*, 445 F.3d 624, 633-34 (2d Cir. 2006).

Given the demeanor and inconsistency findings, as well as the lack of corroboration, the agency's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of Huang's claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
